**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DANIEL PACE | ) | |
| | ) | |
|        **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 16-cv-542-JPG |
| | ) | |
| ANDY MYERS and PAT GREENWOOD | ) | |
| | ) | |
|        **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate at the Clay County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks equitable relief and damages for deprivations of his constitutional rights. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from
>     such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

On January 13, 2016, Plaintiff requested a copy of a legal directory, the civil rules of procedure, and a § 1983 complaint form. (Doc. 1, p. 5). His requests were denied. (Doc. 1, p. 5). The response indicated that no legal directory will provide numbers if requested. (Doc. 1-1, p. 8). The response further stated that the rules of civil procedure are available through Plaintiff's attorney or from the law library. (Doc. 1-1, p. 8). Plaintiff was also told to draft his own complaint. (Doc. 1-1, p. 8). Subsequently on February 9, 2016, Plaintiff requested information on any Illinois state house bills passed on August 17, 2015 and for case law. (Doc. 1, p. 5). In lieu of granting his request, Myers told Plaintiff to speak to his attorney. (Doc. 1, p. 5) (Doc. 1-1, p. 11). Plaintiff is unable to initiate contact with his attorney. (Doc. 1, p. 5). Myers also told Plaintiff that he could visit the law library, but that his office would not do Plaintiff's legal research for him. (Doc. 1-1, p. 12). Plaintiff alleges that the law library is actually only one book. (Doc. 1, p. 5). Plaintiff requested to mail his § 1983 civil rights

complaint on April 21, 2016, but his request was denied by Myers and he was told that the jail would not mail his complaint because Plaintiff had used his "free" stamps for other things. (Doc. 1, p. 7) (Doc. 1-1, p. 3). Plaintiff denies that he has ever gotten free stamps. (Doc. 1, p. 7). Myers' response to Plaintiff's April 22 grievance states that inmates are permitted to mail one free letter a week. (Doc. 1-1, p. 23).

On January 18, 2016, Plaintiff had a phone call with his attorney, which was monitored, despite Plaintiff's request for privacy. (Doc. 1, p. 5) (Doc. 1-1, p. 7). The grievance response indicates that the monitoring was performed at the request of Plaintiff's attorney. (Doc. 1-1, p. 7). Plaintiff requested a phone call with his attorney on March 17, 2016, but Myers denied his request because Plaintiff cannot call his attorney from the jail phones. (Doc. 1, p. 5). Myers' response was that the office phone was recorded, and that Plaintiff needed to use the unrecorded jail phones. (Doc. 1-1, p. 13). Plaintiff requested another call with his attorney on March 27, 2016, but Myers denied the call. (Doc. 1, p. 6). Myers' response indicated that the phones were working properly. (Doc. 1-1, p. 15). Plaintiff overheard Myers tell another inmate that Myers would call that inmate's attorney. (Doc. 1, p. 8). This is the same relief Plaintiff has requested numerous times, but Myers always denies him. (Doc. 1, p. 8).

Plaintiff alleges that he has never received his "free" phone call upon arriving at the jail. (Doc. 1, p. 5). He requested it on January 27, 2016, but the request was denied. (Doc. 1, p. 5). The response indicated that Greenwood did not recall Plaintiff ever asking for a phone call upon arrest. (Doc. 1-1, p. 10). Plaintiff made the request again on March 26, 2016, which was also denied by Myers. (Doc. 1, p. 6) (Doc. 1-1, p. 14). Plaintiff's March 26, 2016 grievance indicates that the call was initially denied on December 10, 2015 by Barkee. (Doc. 1-1, p. 14).

3

Plaintiff wrote a grievance regarding the jail's mail policy on April 6, 2016; he alleges that no one picks up or drops off mail unless Greenwood is working, which is only a few days a week. (Doc. 1, p. 6).

Plaintiff allegedly broke a tooth while eating a meal at the jail on April 9, 2016. (Doc. 1, p. 6). He filed a grievance about it on April 10, 2016. (Doc. 1-1, p. 17). Greenwood's response asked if Plaintiff was requesting a dentist. (Doc. 1-1, p. 17). No one gave him any pain medication until April 11, 2016, when Greenwood provided him with some. (Doc. 1, p. 6). Plaintiff requested more Motrin for his broken tooth on April 19, 2016, but Billy denied his request. (Doc. 1, p. 7). Plaintiff filed a grievance on Billy, which was returned by Greenwood having been "noted." (Doc. 1, p. 7) (Doc 1-1, p. 18). Plaintiff filed another grievance on this issue on April 20th, and staff gave him ibuprofen. (Doc. 1-1, p. 20).

Plaintiff requested soap and shampoo on February 14, 2016, but his request was denied by Bill. (Doc. 1, p. 8) (Doc. 1-1, p. 19). Plaintiff had previously been told that he could get soap every day between 7 and 3. (Doc. 1, p. 8) (Doc. 1-1, p. 9). Plaintiff filed a grievance on Bill, which was returned by Greenwood having been "noted." (Doc. 1, p. 8). On April 13, 2016, Plaintiff ran out of toothpaste. (Doc. 1, p. 7). The hygiene cart was not scheduled to come around until April 16. (Doc. 1, p. 7). Plaintiff requested toothpaste immediately and filed a grievance on April 14, but was told to wait for the cart. (Doc. 1, p. 7) (Doc. 1-1, p. 5-6).

On February 20, 2016, Plaintiff requested a mop, but was not given one. (Doc. 1, p. 8). Plaintiff alleges that the jail showers have no shower curtain, and that water stands on the floor making for "a slippery and dangerous living condition." (Doc. 1, p. 8). Myers denied his grievance on both points.

Plaintiff requested an HIV/AIDS test on April 16, 2016. (Doc. 1, p. 9). Greenwood told him that he would check and let Plaintiff know. (Doc. 1, p. 9)(Doc. 1-1, p. 4). Plaintiff alleges that the jail offers no information regarding HIV, S.T.D., or T.B. testing to inmates or visitors. (Doc. 1, p. 9). Plaintiff filed a grievance on this issue on April 19, 2016, but the grievance was lost. (Doc. 1, p. 9).

Plaintiff was sent to St. Clair County jail on a writ on April 25, 2016. (Doc. 1, p. 9). Plaintiff's prescription medication was not sent with him and Plaintiff spent three days without his medication. (Doc. 1, p. 9). Myers denied Plaintiff's grievance and stated "that is the responsibility of the facility where you are housed." (Doc. 1, p. 9) (Doc. 1-1, p. 1).

Based on the allegations of the Complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into 9 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** **First Amendment claim against Myers for denial of access to courts by denying Plaintiff's various requests for legal materials and free stamps**

**COUNT 2:** **First Amendment claim against Myers for denial of access to courts by denying Plaintiff's requests to use the non-jail phone to call his attorney and for monitoring Plaintiff's calls with his attorney**

**COUNT 3:** **Due process violation claim against Greenwood and Myers for denying Plaintiff his free phone call upon arrest in December 2015**

**COUNT 4:** **First Amendment claim for delaying Plaintiff's mail against Greenwood because no mail is dropped off or picked up when Greenwood is not there.**

**COUNT 5:** **Greenwood was deliberately indifferent to Plaintiff's serious medical condition of a broken tooth when he responded to certain grievances Plaintiff wrote regarding lack of pain medication between April 9, 2016 and April 11, 2016 and again on April 19, 2016.**

**COUNT 6:** Unconstitutional conditions of confinement claim against Greenwood for failure to provide Plaintiff with soap, shampoo, and toothpaste

**COUNT 7:** Unconstitutional conditions of confinement claim against Myers for refusing to provide Plaintiff with a mop and allowing water to pool around the showers

**COUNT 8:** Deliberate indifference claim for refusal to provide Plaintiff with an HIV/AIDS/STD test against Greenwood

**COUNT 9:** Deliberate indifference claim against Myers for refusing to provide Plaintiff with prescription medication when he left the jail on a furlough to St. Clair County

### DISCUSSION

The Due Process clause of the Fourteenth Amendment prohibits punishment of persons who have not yet been convicted of a crime. *Bell v. Wolfish*, 441 U.S. 520, 536, n. 16 (1979); *Martin v. Tyson*, 845 F.2d 1451, 1455 (7th Cir. 1988). As Plaintiff is a pre-trial detainee, the analysis proceeds under the Fourteenth Amendment.

**Counts 1 and 2** do not survive threshold review. Officials have an affirmative duty to provide inmates with reasonable access to courts, which includes providing access to adequate libraries (or counsel). *DeMallory v. Cullen,* 855 F.2d 442, 446 (7th Cir.1988). The right of access "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith,* 430 U.S. 817, 828 (1977).

Nonetheless, reasonable access does not mean unlimited access. *Hossman v. Spradlin,* 812 F.2d 1019, 1021 (7th Cir.1987). And a plaintiff must allege that he had "a non-frivolous legal claim that was frustrated or impeded by [defendant's] failure to assist him in the preparation and filing of meaningful legal papers and that he was harmed by [defendant's] action (or lack thereof). *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004); *Martin v. Davies*, 917 F.2d

6

336. 340 (7th Cir. 1990). The right protected is the detainee's access to the courts, not his access to the law library itself, and therefore a "complaint [must]spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate [legal] challenge." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Additionally, state officials need not provide a prisoner with access to legal material in a case where he is represented by an attorney. *Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir. 1988).

Here, Plaintiff has alleged that he was denied access to certain legal materials that he requested, and that he was denied non-monitored calls with his attorney. Plaintiff's claims regarding his attorney phone calls are a bit ambiguous—there appears to be a distinction between "jail phones" and "office phones" but the contours of that distinction are unclear, and while Plaintiff has alleged that he cannot call his attorney on the jail phones, he has not said why. Nevertheless, both of Plaintiff's claims regarding access to courts fail because he had not alleged that he was prejudiced in any way by Defendants' conduct. Plaintiff must point to a specific court proceeding and include allegations that he was prejudiced in some way. This Court is only aware of two legal proceedings at this point: Plaintiff's criminal proceedings and this case. Plaintiff cannot bring a claim for access to legal materials when he is represented by an attorney, and he has alleged that he has an appointed attorney for his criminal case. And the Court is not aware of any prejudice that Plaintiff has suffered in regards to this action. Therefore, Plaintiff's claims for access to the courts will be **DISMISSED without prejudice** at this time.

**Count 3**, alleging that Plaintiff was deprived of his free phone call, will be dismissed with prejudice. Courts apply a two-prong analysis in determining whether the conditions of confinement reach unconstitutional proportions. *See Wilson v. Seiter,* 501 U.S. 294, 299–302, (1991). The analysis consists of both an objective and subjective component. *Id.* First, the

objective component requires the court to determine whether the alleged deprivation—the condition itself—was sufficiently serious to rise to the level of a constitutional violation. *Id.* The Constitution "does not mandate comfortable prisons," and only those deprivations denying the "minimal civilized measures of life's necessities" are serious enough to implicate the Constitution. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *see also Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir.1992).

Second, the subjective component requires a determination of whether the defendant acted with the requisite culpable state of mind. *See Wilson,* 501 U.S. at 302. The subjective component is satisfied if a prison official acts with deliberate indifference, *i.e.,* the official knows of and disregards an excessive risk of inmate health or safety. *See Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Negligence and even gross negligence is insufficient to demonstrate deliberate indifference; instead, the defendant must have intended for the plaintiff to die or suffer grievously or knew of a significant risk that the plaintiff would suffer grievously but was indifferent to that risk. *See Rapier v. Harris,* 172 F.3d 999, 1006 (7th Cir.1999); *Salazar v. City of Chicago,* 940 F.2d 233, 240 (7th Cir.1991). If either the objective or subjective component is not satisfied, a plaintiff cannot prevail on his conditions of confinement claim. *See Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir.1994).

There is no liberty interest in telephone privileges. *See Sandin v. Conner,* 515 U.S. 472, 484 (1995); *see also Arsberry v. Illinois,* 244 F.3d 558, 564 (7th Cir.2001); *Martin v. Tyson,* 845 F.2d 1451, 1458 (7th Cir.1988) (allowing prisoners one monitored telephone call every other day did not rise to a constitutional violation). It is clear from Plaintiff's complaint that he is not being denied access to the phone altogether. Rather, he did not get a phone call when he entered the facility. Plaintiff has not alleged that either Myers or Greenwood was the person that failed

to give Plaintiff his phone call in December 2015; he has alleged it was C/O Barkee. He has also not alleged that he has been harmed in some way by the failure to get him a free phone call. Plaintiff appears to want the phone call for no other reason than his own present convenience (i.e. to arrange for matters related to his drug rehab efforts). Plaintiff has not adequately pled a conditions of confinement claim here because he has not alleged a sufficiently serious deprivation, and his due process claim also fails because there is no liberty or property interest in a single phone call. Accordingly, **Count 3** will be **dismissed with prejudice**.

Plaintiff has alleged in **Count 4** that his mail is not collected or passed out when Greenwood is not working, meaning that his mail is delayed. Plaintiff does not specify the length of these delays. A sporadic disruption of mail service will not violate the Constitution. Although the First Amendment "applies to communications between an inmate and an outsider," a valid claim requires an allegation that there has been "a continuing pattern or repeated occurrences" of denial or delay of mail delivery. *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) ("Allegations of sporadic and short-term delays in receiving mail are insufficient to state a cause of action grounded upon the First Amendment.")(citing *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999); *Sizemore v. Wiliford*, 829, F.2d 608, 610 (7th Cir. 1987))). Here, Plaintiff's allegations that his mail is not picked up or dropped off outside of the work hours of the employee who oversees mail do not rise to the level of a constitutional violation. This claim shall be **DISMISSED with prejudice**.

**Count 5** must also be dismissed without prejudice. Deliberate indifference to prolonged, unnecessary pain can be a basis for an Eighth Amendment claim. *Smith v. Knox County Jail*, 666 F.3d 1037, 1039 (7th Cir. 2012). The length of the delay that is tolerable depends on the seriousness of the condition and the ease in providing treatment. *McGowan v. Hulick*, 612 F.3d

636, 640 (7th Cir. 2010).  A few days' delay addressing a readily treatable condition suffices to state a claim.  *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 832 (7th Cir. 2009); *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2009); *Edwards v. Synder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

Plaintiff's allegation is that on April 9, 2016, he broke a tooth.  While he alleges that he did not get pain medication for two days, he does not specify who he asked for pain medication.  The implication from the complaint is that Greenwood gave him medication on April 11, when Greenwood returned to work.  Greenwood cannot be held responsible for the conduct of others, and if he was not at work during the two days Plaintiff claims he was without pain medication, Greenwood is not liable.  Plaintiff also appears to take umbrage at Greenwood's response to his grievance on the lack of pain medication.  Greenwood asked Plaintiff if he wished to go to the dentist.  That in of itself does not state a claim upon which relief can be granted.  Because Plaintiff has failed to identify who he asked for pain medication during the two days it was allegedly denied, his claims that he was denied pain medication from April 9 until April 11 will be **DISMISSED without prejudice**.

Plaintiff further alleged that he was denied Motrin on April 19, 2016, by C/O Bill.  Bill is not listed in the caption.   As he is not listed in the caption, he is not a proper party to this suit as this time.  Fed. R. Civ. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (finding that a proper party must be "specified in the caption.").  **Count 5** will therefore be **DISMISSED** in its entirety **without prejudice**.

Plaintiff's **Count 6** alleges that he was denied toothpaste for three days and soap and shampoo for an unspecified amount of time, despite being told that he could ask for soap and

10

shampoo daily. No constitutional principle requires that detainees be permitted to own or receive hygiene items for the sake of owning cosmetics, but the deprivation of essential items may leave a detainee exposed to the elements, or unable to care for his most fundamental needs, and thereby put his health in jeopardy, thus implicating a constitutional right. *James v. O'Sullivan*, 62 F. App'x 636, 639 (7th Cir. 2003). In *Harris v. Fleming*, 839 F.2d 1232 (7th Cir. 1988), the Seventh Circuit considered an inmate's claim that he was denied toilet paper for five days and denied soap, a toothbrush, and toothpaste for ten days, while "he was kept in a filthy, roach-infested cell." *Id.* at 1234. "Inmates cannot expect the amenities, conveniences and services of a good hotel; however, the society they once abused is obliged to provide constitutionally adequate confinement." *Id.* at 1235-36. Where the conditions are merely unpleasant, and not harmful, the conditions will simply not rise to the level of an Eighth Amendment violation. *Id.* at 1235. The plaintiff in *Harris* spent ten days without his hygiene items. Plaintiff, by contrast, alleges that he had to wait three days for toothpaste, and implies that he may have had to wait a day for soap and shampoo. He gives the Court no reason to believe he endured conditions similar to those in *Harris*.

      Additionally, this count suffers from the same deficiencies as discussed above; Plaintiff alleges C/O Bill denied him soap and shampoo, but Bill is not listed in the caption. Additionally, Plaintiff's complaints about toothpaste are that Greenwood failed to respond properly to a grievance Plaintiff wrote about toothpaste. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d

11

605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  Greenwood cannot be held responsible for the denial of hygiene items just because Plaintiff did not like the response he made to his grievances.  As Plaintiff has not alleged a serious deprivation, and because he has not named any proper defendant, **Count 6** will be **DISMISSED with prejudice**.

In **Count 7**, Plaintiff has alleged that he was not given a mop to clean up water on the floor after showers. A claim for denial of cleaning supplies may state a constitutional violation when the supplies are needed to provide reasonably adequate sanitation in the plaintiff's cell. *See Wheeler v. Walker*, 303 F. App'x 365, 368 (7th Cir. 2008) (inmate stated claim where he had been denied basic cleaning supplies for two weeks during which he was "exposed to a combination of a heavy roach-infestation, filth, and human waste"); *Vinning-El v. Long*, 482 F.3d 923, 923-25 (7th Cir. 2007) (prisoner stated constitutional claim when he was deprived of basic sanitation items while he was incarcerated for six days in a cell in which blood and feces smeared the walls, water covered the floor, and the sink and toilet did not work); *Johnson v. Pelker*, 891 F.2d 136, 139-40 (7th Cir.1989) (prisoner's requests for cleaning supplies were denied while he was incarcerated for three days in a cell that was smeared with human defecation and was without running water); *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) ("Exposure to human waste, like few other conditions of confinement, evokes" health concerns "and the more general standards of dignity embodied in the Eighth Amendment.").  Here Plaintiff has alleged that he was exposed to water in the shower area.  He has not alleged that he suffered any harm or injuries as a result, and a wet floor does not raise the same kind of problems as a cell with human waste.  Plaintiff's **Count 7** will be dismissed **with prejudice** for failure to state a claim.

Plaintiff's last two counts can also be construed as deliberate indifference claims. Plaintiff has alleged that he was deprived of an HIV/AIDS/STD test in **Count 8**. Plaintiff has not pleaded that he has any of these conditions, or that he has reason to believe that he has any of these conditions. He has not pleaded that he was harmed by the denial of the test. Plaintiff is not entitled to demand medical treatment of his choice, *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008), and as he has not alleged that he suffered from any kind of medical need, let alone a serious one, his claim must be dismissed for failure to state a claim upon which relief can be granted. **Count 8** will be **DISMISSED without prejudice.**

Similarly, Plaintiff's deliberate indifference claim in **Count 9** also fails. Plaintiff has alleged that his prescription medication was not sent along with him on a writ to St. Clair County jail. But Plaintiff has neglected to mention the medical need that the medication is supposed to treat. He has also not identified the medication itself. In order to prove deliberate indifference, Plaintiff must show that he suffered from a serious medical need. He has not alleged that he suffered from a serious medical need here, other than to say he has prescription medication. This is not sufficiently pled at this stage. **Count 9** will be **DISMISSED without prejudice.**

After fully considering the allegations in Plaintiff's complaint, the Court concludes that the complaint fails to state a constitutional claim upon which relief may be granted, and shall be dismissed. However, Plaintiff shall be allowed an opportunity to submit an amended complaint, to present any factual allegations that may exist to support his claims in Counts 1, 2, 5, 8 and 9. If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice, and the dismissal shall count as a strike pursuant to § 1915(g). The amended complaint shall be subject to review pursuant to § 1915A.

**DISPOSITION**

**IT IS HEREBY ORDERED** that the complaint (Doc. 1) is **DISMISSED** without prejudice.  **DEFENDANTS Myers** and **Greenwood** are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support his access tocourts claims and/or deliberate indifference claims and naming the individual Defendants directly responsible for the alleged constitutional deprivations, within 35 days of the entry of this order (on or before **August 3, 2016**).  An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any other pleading.  Should the First Amended Complaint not conform to these requirements, it shall be stricken.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  Failure to file an amended complaint shall result in the dismissal of this action with prejudice.  Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Since filing his Complaint, Plaintiff has filed two motions "to amend/add information to Complaint."  (Doc. 10) (Doc. 11).  This Court does not accept piecemeal amendments, that is, Plaintiff cannot add on claims individually, but must move for leave to amend the complaint and then submit an amended complaint containing all of his old claims, with any new claims underlined.  SDLR 15.1.  These motions are therefore **DENIED without prejudice**.  Plaintiff may include his claims in these motions in his amended complaint, should he choose to file one.

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

    **DATED: June 29, 2016**


                                                                    *s/J. Phil Gilbert*
                                                                    **U.S. District Judge**