IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DANIEL PACE | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 16-cv-542-JPG |
| | ) | |
| ANDY MYERS, | ) | |
| PAT GREENWOOD, | ) | |
| BILL GROSS, | ) | |
| DARRIN BARBEE, and | ) | |
| RAMIEE PHILLIPS | ) | |
| | ) | |
| **Defendants.** | ) | |

# <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

Plaintiff, a former inmate at the Clay County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks equitable relief and damages for deprivations of his constitutional rights. This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from
>     such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

Plaintiff originally filed this action on May 16, 2016 against Andy Myers and Pat Greenwood. (Doc. 1). The Court dismissed this action on June 30, 2016, although the dismissal was without prejudice as to claims 1, 2, 5, 8, and 9. (Doc. 12). On July 11, 2016, Plaintiff filed an Amended Complaint, which additionally names Bill Gross, Darrin Barbee, and Ramiee Phillips as Defendants, as well as provides more factual background. The Court now turns to the Amended Complaint for review pursuant to 1915A. The Court notes that although it will consider the exhibits attached to Plaintiff's Complaint at Doc. 1-1, the allegations in the Amended Complaint must be able to stand on their own, as the Amended Complaint supersedes the Complaint, rendering it a nullity.

**The Amended Complaint**

Plaintiff was booked into the Clay County Jail on December 10, 2015.  (Doc. 16, p. 7). He observed two other inmates make free phone calls, but when he asked Darrin Barbee for a free phone call, Barbee denied it.  (Doc. 16, p. 7).  Plaintiff cannot call his family collect.  (Doc. 16, p. 7).  Plaintiff filed a grievance on this issue, which Greenwood denied.  (Doc. 16, p. 7) (Doc. 1-1, p. 10).

On January 13, 2016, Plaintiff requested a copy of a legal directory, the civil rules of procedure, and a § 1983 complaint form.  (Doc. 16, p. 6).  Myers denied the request.  (Doc. 16, p. 6).  The response indicated that no legal directory will provide numbers if requested.  (Doc. 1-1, p. 8).  The response further stated that the rules of civil procedure are available through Plaintiff's attorney or from the law library.  (Doc. 1-1, p. 8).  Plaintiff was also told to draft his own complaint.  (Doc. 1-1, p. 8).

On April 21, 2016, Plaintiff requested postage to mail in the original complaint in this case; Plaintiff needed postage because the complaint was heavier than he could mail with a first class stamp.  (Doc. 16, p. 6).  Myers denied that request, stating that he was entitled to one stamp per week, and that rollovers were not permitted.  (Doc. 16, p. 6).  The Court notes that Plaintiff filed his case on May 16, 2016.  (Doc. 1).  On June 10, 2016, Plaintiff again requested law library access and copies.  (Doc. 16, p. 12).  Myers responded stating, "this is not county jail standards, contact your court appointed lawyer."  (Doc. 16, p. 12).  Plaintiff filed another grievance on June 16, 2016 because he wished to access the law library in order to work on the present case.  (Doc. 16, p. 12).

Plaintiff had a phone call with his attorney, Scott Ealy on January 18, 2016.  (Doc. 16, p. 6).  Bill Gross and Pat Greenwood monitored the call, even after Plaintiff requested privacy. (Doc. 16, p. 6).  The Amended Complaint indicates that all phones in the Clay County jail are

3

monitored.  (Doc. 16, p. 7).  The grievance response indicates that the monitoring was performed at the request of Plaintiff's attorney.  (Doc. 1-1, p. 7).  Plaintiff alleges that his attorney did not request monitoring.  (Doc. 16, p. 6).  Plaintiff requested a call with his attorney on March 17, 2016.  (Doc. 16, p. 7).  Plaintiff alleges that he is unable to call his attorney collect, and that he has seen other inmates, like Matt Brown, make direct calls to their attorneys, presumably without having to call collect.  (Doc. 16, p. 7).  Plaintiff requested another call on March 27, 2016, which Myers also denied.  (Doc. 16, p. 7).  Plaintiff believes that he has been treated unfairly and differently from other inmates.  (Doc. 16, p. 7).

Plaintiff broke a tooth while eating lunch on April 9, 2016.  (Doc. 16, p. 8).  He requested pain medication from Phillips, who denied it because Plaintiff was indigent.  (Doc. 16, p. 8).  Plaintiff requested pain medication again the next day on April 10, 2016.  (Doc. 16, p. 8).  This time Gross denied the request.  (Doc. 16, p. 8).  On April 10, 2016, Plaintiff filed a grievance to Greenwood.  (Doc. 16, p. 8).  Greenwood responded by asking if Plaintiff wanted to see the dentist.  (Doc. 16, p. 8) (Doc. 1-1, p. 17).  Plaintiff said "yes," but Greenwood told him that no dentist in Clay County takes Medicaid.  (Doc. 16, p. 8).  Gross denied Plaintiff pain medication again on April 19, 2016; Greenwood "noted" Plaintiff grievance about the incident, but took no action.  (Doc. 16, p. 8) (Doc 1-1, p. 18).  Plaintiff also wrote a grievance to Myers regarding his broken tooth on April 19, 2016.  (Doc. 1-1, p. 22).  On May 4, 2016, Plaintiff was furloughed to rehab.  (Doc. 16, p. 8).  While he was there, he was treated for an infection in his broken tooth, which included prescription ibuprofen and an antibiotic.  (Doc. 16, p. 8).  He was eventually taken to Everyone's Family Dental to repair the tooth.  (Doc. 16, p. 9).

Plaintiff requested information on HIV/AIDS and STD testing.  (Doc. 16, p. 9).  Greenwood responded, "will check and let you know." (Doc. 16, p. 9) (Doc. 1-1, p. 4).  Plaintiff

4

alleges that he has been an intravenous drug user, had unprotected sex, and fresh tattoos, putting him at high risk for those types of infections. (Doc. 16, p. 9). He further alleges that the jail offers no information regarding the availability of those tests, in violation of Illinois' County Jail Act. (Doc. 16, p. 9).

On April 25, 2016, Plaintiff was transferred to St. Clair County for a court writ. (Doc. 16, p. 9). Clay County jail allegedly did not send any prescription medication with Plaintiff, and so he was without his medication for three days. (Doc. 16, p. 10). Plaintiff takes medication for anxiety, depression, and post-traumatic stress disorder. (Doc. 16, p. 10). He suffers from anxiety attacks, flashbacks, nightmares, and headaches. (Doc. 16, p. 10). He takes Buspirone and Citalopram for these conditions. (Doc. 16, p. 10). Myers denied Plaintiff's grievance and stated "that is the responsibility of the facility where you are housed." (Doc. 16, p. 10) (Doc. 1-1, p. 1).

After receiving psychiatric treatment elsewhere, Plaintiff returned to the Clay County Jail on June 1, 2016. (Doc. 16, p. 10). Allegedly, Plaintiff had orders from a psychiatrist that he was to have a psychiatric follow-up and a medical check. (Doc. 16, p. 10). Myers noted the order. (Doc. 16, p. 10). On June 8, 2016, Plaintiff filed a grievance because his anxiety attacks and headaches were getting worse. (Doc. 16, p. 10). Myers responded that "this will be addressed." (Doc. 16, p. 10). Plaintiff filed another grievance on June 15, 2016 alleging that he was suffering from panic attacks, flashbacks, and severe headaches. (Doc. 16, p. 11). Plaintiff wrote a third grievance regarding his symptoms on June 22, 2016. (Doc. 16, p. 11). Myers allegedly responded, "we will see about making you an appointment." (Doc. 16, p. 11).

During this back and forth on June 14, 2016, Greenwood asked Plaintiff if she could show his medical and psychiatric records to the sheriff to "get you some help." (Doc. 16, p. 11).

The records were returned to Plaintiff approximately one hour later and Plaintiff was told that the records were faxed to the County's lawyers. (Doc. 16, p. 11). Plaintiff takes issue with the release of his medical records. (Doc. 16, p. 11).

## Discussion

Previously, the Court divided Plaintiff's claims into nine counts. As Plaintiff has added some claims to the Amended Complaint and abandoned others, the Court feels it is appropriate to re-number the Complaint into eight counts at this time. The Courts and the parties will use the revised designations in all pleadings and filings going forward. The following claims survive threshold review:

> **COUNT 1:** **Fourteenth Amendment deliberate indifference claim against Phillips, Gross, Greenwood, and Myers when they denied him pain medication and refused to arrange for Plaintiff to see a dentist in April 2016 in response to Plaintiff's serious medical condition of a broken tooth;**
>
> **COUNT 2:** **Fourteenth Amendment deliberate indifference claim against Myers for failing to provide Plaintiff with the medical treatment recommended by outside psychiatric professionals;**

The following claims fail to survive threshold review and will be dismissed:

> **COUNT 3:** **First Amendment claim against Myers for denial of access to courts by denying Plaintiff's various requests for legal materials, free stamps, and copies;**
>
> **COUNT 4:** **First Amendment claim against Myers for denial of access to courts by denying Plaintiff's requests to use the office phone to call his attorney and against Gross and Greenwood for monitoring Plaintiff's calls with his attorney;**
>
> **COUNT 5:** **Fourteenth Amendment claim against Barbee and Greenwood for denying Plaintiff his due process rights when they denied Plaintiff his free phone call upon arrest on December 10, 2015;**
>
> **COUNT 6:** **Fourteenth Amendment deliberate indifference claim for refusal to provide Plaintiff with an HIV/AIDS/STD test against Greenwood;**

>    **COUNT 7:**     **Fourteenth Amendment deliberate indifference claim against Myers for refusing to provide Plaintiff with prescription medication when he left the jail on a furlough to St. Clair County;**
>
>    **COUNT 8:**     **Greenwood violated the Health Insurance Portability and Accountability Act (HIPAA) when she released Plaintiff's medical records to lawyers for Clay County.**

The Due Process clause of the Fourteenth Amendment prohibits punishment of persons who have not yet been convicted of a crime. *Bell v. Wolfish*, 441 U.S. 520, 536, n. 16 (1979); *Smith v. Dart*, 803 F.3d 304, 310 (7th Cir. 2015); *Martin v. Tyson*, 845 F.2d 1451, 1455 (7th Cir. 1988). As Plaintiff was a pre-trial detainee, the analysis proceeds under the Fourteenth Amendment, although the Seventh Circuit has noted that conditions of confinement claims under the Fourteenth Amendment have "little practical difference" from claims brought pursuant to the Eighth Amendment. *Smith*, 803 F.3d at 310. Claims brought pursuant to the Fourteenth Amendment may be analyzed under Eighth Amendment standards. *Id*. (citing *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013) ("[T]he protection afforded under [the Due Process Clause] is functionally indistinguishable from the Eighth Amendment's protection for convicted prisoners."); *Hart v. Sheahan*, 396 F.3d 887, 892 (7th Cir. 2005) ("[T]he standards applicable to complaints by convicts and by pretrial detainees about unsafe conditions of confinement merge.")) (other citations omitted).

Under a deliberate indifference standard, Plaintiff's claims in **Counts 1 and 2** survive threshold review. In order to state a clam for deliberate indifference to a serious medical need, an detainee must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which

involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eight Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

In **Count 1**, Plaintiff has alleged that he broke a tooth and immediately suffered pain. Deliberate indifference to prolonged, unnecessary pain can be a basis for a constitutional claim. *Smith v. Knox County Jail*, 666 F.3d 1037, 1039 (7th Cir. 2012). The length of the delay that is tolerable depends on the seriousness of the condition and the ease in providing treatment. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). A few days' delay addressing a readily treatable condition suffices to state a claim. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 832 (7th Cir. 2009); *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2009); *Edwards v. Synder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

Here, Plaintiff alleges that he was not given over-the-counter pain medication for his broken tooth when he requested it from Phillips and Gross. He has further alleged that he requested a dentist visit from Greenwood, who refused to take Plaintiff to one. Plaintiff grieved these issues to both Greenwood and Myers. Plaintiff has alleged that when he received dental treatment, he needed pain killers, antibiotics to treat an infection, and dental care. Based on the treatment that Plaintiff ultimately received, it appears that his broken tooth was a serious medical

need, and he alleges that Greenwood, Gross, and Phillips did not provide him with medical treatment when confronted by the broken tooth. As to Myers, although Plaintiff does not allege that he ever asked Myers directly for treatment or medication, he included a grievance on the issue that Myers signed off on. Non-medical defendants who have been made aware of a prisoner's serious medical need via the grievance process may be held liable in certain circumstances. *Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015). That is sufficient at this stage, and **Count 1** will procced against all four defendants.

As to **Count 2**, the same standard applies. Although, the Court notes that Plaintiff may be unable to recover more than nominal damages ($1) on this count as the Prison Litigation Reform Act (PLRA) requires a physical injury before a plaintiff can recover compensatory damages. 42 U.S.C. § 1997e; *Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003) ("On several occasion we have explained that § 1997e(e) may limit the relief available to prisoners who cannot allege a physical injury, but it does not bar their lawsuits altogether."); *Cassidy v. Ind. Dep't of Corr.*, 199 F.3d 374, 376-77 (7th Cir. 2000) (damages for mental and emotional injuries barred, but a prisoner may pursue all other claims for damages).

Nevertheless, Plaintiff has alleged that he suffers from serious psychiatric issues, which cause daily symptoms, and that Myers did not take action on recommendations for follow-up care made by outside medical providers. While this claim requires further factual development, at this stage, Plaintiff has made a plausible deliberate indifference claim regarding his mental health needs, and **Count 2** will be allowed to proceed.

However, all other claims must be dismissed. What the Court has now designated **Counts 3** and **4** are restatements of access to courts claims Plaintiff made in his original Complaint. At the time, the Court noted that a plaintiff must allege that he had "a non-frivolous

9

legal claim that was frustrated or impeded by [defendant's] failure to assist him in the preparation and filing of meaningful legal papers and that he was harmed by [defendant's] action (or lack thereof). *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004); *Martin v. Davies*, 917 F.2d 336. 340 (7th Cir. 1990). The right protected is the detainee's access to the courts, not his access to the law library itself, and therefore a "complaint [must] spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate [legal] challenge." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). With regards to the original Complaint, the Court found that Plaintiff had "not alleged that he was prejudiced in any way by Defendants' conduct. Plaintiff must point to a specific court proceeding and include allegations that he was prejudiced in some way." (Doc. 12).

Although Plaintiff has provided additional detail in his Amended Complaint, it still fails to show any prejudice. The Court's previous Order pointed out that it only knew of two legal matters at issue: Plaintiff's underlying criminal case and this civil case. In his Amended Complaint, Plaintiff has confirmed that those are the legal matters at issue. But Plaintiff has an appointed counsel in his criminal matter, which satisfies the state's obligation to provide him with access to the courts. *See Howland v. Kilquist*, 833 F.2d 639, 643 (7th Cir. 1987) (finding that an offer to appoint counsel in a criminal cases satisfies a state's obligation to provide legal assistance and that a prisoner had no right to demand law library access in the alternative). Plaintiff has also not explained how the phone monitoring prejudiced him or affected his criminal case.

And as to the present matter, the Court cannot find any prejudice. Plaintiff alleges that he was not given a stamp to mail his original complaint in, but three weeks after that allegation, his complaint was filed. Plaintiff has not alleged that he has concerns about the statute of

10

limitations, or any other time provision that would act to bar this action as a result of the delay. Plaintiff further alleges that he was not given access to the law library in order to prepare his Amended Complaint, yet he filed the Amended Complaint two weeks prior to the deadline imposed by the Court. Plaintiff may "feel" that Defendants have been "unfair," but unless he can articulate some form of prejudice, for example, a missed deadline or some other circumstance that caused him to actually lose a viable claim, he has not stated a claim upon which relief can be granted.

**Count 5** was originally designated as Count 3 in the original Complaint. That claim was dismissed with prejudice under both a due process and conditions of confinement analysis. Specifically, the Court found that there was not a liberty interest in making phone calls, thus dooming Plaintiff's due process claim. *See Sandin v. Conner,* 515 U.S. 472, 484 (1995); *see also Arsberry v. Illinois,* 244 F.3d 558, 564 (7th Cir.2001); *Martin v. Tyson,* 845 F.2d 1451, 1458 (7th Cir.1988) (allowing prisoners one monitored telephone call every other day did not rise to a constitutional violation). The Court also found that the deprivation of a phone call upon arrival to the jail was not a sufficiently serious deprivation to state a conditions of confinement claim.

Although Plaintiff has now named the Defendant (Barbee) that he alleges deprived him of a phone call when he arrived at the jail, he has not provided any reason for the Court to vacate its prior Order dismissing this count with prejudice. Plaintiff was not granted leave to amend this claim, so the analysis on whether the claim can proceed turns on whether the prior order was correct. Plaintiff has not identified any ground legally or factually why the Court's prior order was erroneous. See Fed. R. Civ. P. 59(e). Therefore **Count 5** will once again be dismissed with prejudice for failure to state a claim.

Turning now to **Count 6**, which also attempts to state a deliberate indifference claim, this Count must once again be dismissed without prejudice.  As an initial matter, although Plaintiff references the Illinois County Jail Act, Plaintiff cannot use § 1983 to vindicate a right created by state law.  *See Albanese v. Sheahan*, No. 95 C 4304, 1996 WL 559952 at *4 (N.D. Ill. Sept. 30, 1996).  The analysis must proceed under deliberate indifference pursuant to the Fourteenth Amendment.

As discussed in more detail above, to state a deliberate indifference claim, a plaintiff must allege that he suffered from a serious medical need.  This claim was originally dismissed because Plaintiff did not articulate a reason why he needed an AIDS/HIV or STD test.  Now Plaintiff has alleged that he engaged in high risk behavior for those conditions prior to his incarceration.  But the Court cannot find any case that holds that a fear of developing a serious medical need, however legitimate, is the same as having a serious medical need.  Generally, a serious medical need is one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).  Here, Plaintiff has not alleged that he was previously diagnosed with any of the conditions.  He has also not alleged that he was experiencing any symptoms that would indicate a need for testing or treatment to a layperson.  Therefore the Court finds that Plaintiff has failed to state a claim upon which relief could be granted.  As this is Plaintiff's second bite at the apple, **Count 6** will be dismissed with prejudice.

In contrast, the Court finds that Plaintiff has articulated a serious medical need when he says he was deprived of his psychotropic medication in **Count 7**.  However, the claim still must be dismissed because Plaintiff's allegations do not raise a plausible inference that Myers was deliberately indifferent.  Plaintiff alleges that he went to St. Clair County and was not

administered his psychotropic medication while he was in their custody. He blames Myers for this, and alleges that Myers should have ensured that Plaintiff continued to receive his medication. But Plaintiff cites no case law for this proposition. Plaintiff has also not alleged facts that would lay the blame at Myer's feet. For example, Plaintiff has not alleged that he even requested his medication at St. Clair County, much less that anyone there told him that Myers was responsible for the denial. In § 1983 case, parties are only liable for conduct that they are personally involved in. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Without more, there is no reason to believe that Myers was personally responsible for the denial of medication that Plaintiff experienced at the St. Clair County jail. **Count 7** will once again be dismissed without prejudice.

Finally, turning to **Count 8**, Plaintiff has alleged that his health care information was disclosed to lawyers for Clay County without his approval. As an initial matter, even before amendment, Plaintiff had put several aspects of his health at issue in this litigation. That means that Plaintiff is required by the rules of discovery to disclose information related to his health, including his medical records, to the other side. The "violation" Plaintiff complains of here has been made inevitable by Plaintiff's act of filing this lawsuit. But more to the point, HIPAA, which protects disclosure of medical records, does not provide a private right of action and Plaintiff has no claim for damages pursuant to that statute. *Carpenter v. Phillips*, 419 F. App'x. 658, 659 (7th Cir. 2011). Therefore **Count 8** will be dismissed with prejudice.

**Pending Motions**

Since filing this action, Plaintiff has filed two motions seeking recruitment/appointment of counsel. (Doc. 2) (Doc. 17). Those motions will be referred to a magistrate judge for disposition.

## Disposition

**IT IS ORDERED** that Counts 1 and 2 against Defendants Phillips, Gross, Greenwood and Myers survive threshold review and shall proceed in this case.

**IT IS FURTHER ORDERED** that **Counts 5, 6, and 8** shall be **DISMISSED with prejudice.** Defendant Darrin Barbee will be **DISMISSED with prejudice**. **Counts 3, 4, and 7** will be dismissed without prejudice

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Phillips, Gross, Greenwood, and Myers: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting

service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a

stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: October 17, 2016

*s/ J. Phil Gilbert*
**U.S. District Judge**